IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ORSI MANZANO (TDCJ No. 1940335), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:17-cv-2095-L-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Orsi Manzano, a Texas inmate, proceeding *pro se*, seeks relief under 28 U.S.C. § 2254. *See* Dkt. No. 1. For the reasons explained below, his construed federal habeas application should be denied under Rule 4 of the Rules Governing Section 2254 Cases without prejudice to his right to fully exhaust his state court remedies.

**Applicable Background**

Through a handwritten letter to United States Magistrate Judge B. Janice Ellington entirely in Spanish, which was translated into English by federally-certified interpreters in the Southern District of Texas, Manzano sets out claims related to four Dallas County convictions for either indecency with a child or aggravated sexual assault of a child under 14. *See* Dkt. No. 1 at 9; Dkt. No. 1-1 at 8; *see also State v. Manzano*, Nos. F13-33231, -33232, -33233, & -33234 (204th Crim. Dist. Ct., Dallas

-1-

Cty., Tex. July 7, 2014). The reference to convictions out of Dallas County prompted the United States District Court for the Southern District of Texas to transfer this action to the Dallas Division of this district under 28 U.S.C. § 2241(d). *See* Dkt. No. 2.

Manzano's filing fails to explain whether he directly appealed any of the four state criminal judgments or whether he has sought state-habeas relief. But records available online from Dallas County and the Texas Court of Criminal Appeals (the "CCA") indicate that Manzano has yet to pursue state-habeas relief.

**Legal Standards and Analysis**

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989); *see also Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) ("The exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for the integrity of state court procedures, and 'a desire to protect the state courts' role in the enforcement of federal law.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (in turn quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)))). In Texas, a prisoner must present his claims to the CCA in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may

summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes); *see Rodriguez v. Dretke*, No. 5:04-cv-28-C, 2004 WL 1119704, at *1 (N.D. Tex. May 17, 2004) (applying Rule 4 prior to the filing of an answer where this "Court [was] of the opinion that [the petitioner] has failed to exhaust his state court remedies" (citing *Kiser*)); *see also Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("[T]here is no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." (citations omitted)); *cf. Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1988) ("This requirement, that a petitioner who seeks federal redress must first seek relief in state courts and thus exhaust his state remedies, is not a jurisdictional prerequisite, but a prudential policy based on concerns for federalism." (citations omitted)).

Because Manzano has not afforded the state courts (including the CCA, as the applicable highest state court) the first opportunity to address the substance of the claims he now raises in this Court, he has failed to exhaust state court remedies in a

procedurally correct manner, and his construed Section 2254 petition should be dismissed without prejudice under Rule 4. *See, e.g., Sam v. Louisiana*, 409 F. App'x 758, 763 (5th Cir. 2011) (per curiam) ("A federal district court may not adjudicate a habeas petition unless all claims in the petition are exhausted." (citing *Rhines v. Weber*, 544 U.S. 269, 274 (2005))).

**Recommendation and Direction to the Clerk of Court**

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss the construed 28 U.S.C. § 2254 habeas application without prejudice to Manzano's right to fully and properly exhaust state court remedies and serve a copy of any order accepting this recommendation on the Texas Attorney General

The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the construed habeas petition on the Texas Attorney General, directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office, Austin, Texas. *See* RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, RULE 4.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 15, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE